IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RICHARD TUININGA, an individual, DAVENE TUININGA, an individual, SETH GIBSON, an individual, AMBER GIBSON, an individual, KENDALL EDWARDS, an individual, JEFFREY EDWARDS, an individual, FREDERICK NYQUIST, an individual, and BRIDGETTE LARIN, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>NAUTILUS INSURANCE COMPANY, an Arizona Corporation,<br><br>    Defendant. | Cause No. CV-25-77-BU-BMM<br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY |

1

NAUTILUS INSURANCE
COMPANY, an Arizona Corporation,

        Counterclaimant,

    v.

RICHARD TUININGA, an individual,
DAVENE TUININGA, an individual,
SETH GIBSON, an individual,
AMBER GIBSON, an individual,
KENDALL EDWARDS, an individual,
JEFFREY EDWARDS, an individual,
FREDERICK NYQUIST, an
individual, and BRIDGETTE LARIN,
an individual,

        Counter-Defendants.

The Parties, by and through their undersigned counsel, hereby submit this Stipulated Protective Order Regarding Confidentiality (the "Protective Order") and state as follows:

A.    The Parties have stipulated that certain discovery material be treated as confidential and not made publicly available.

B.    The Parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the Parties with their right to protect private and confidential information.

Accordingly, the Court ORDERS:

2

1.      All production and disclosure of information designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER, by the Parties during this litigation shall be governed by this Protective Order, including, but not limited to, information contained in, or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "Information").

2.      Information subject to this Protective Order shall be designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER by stamping "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER" or otherwise indicating confidentiality or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object.  Any electronically stored information may be designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation.  Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in Federal Rule of Civil Procedure 26(g) when designating information as CONFIDENTIAL or SUBJECT TO PROTECTIVE

3

ORDER.

3.    With respect to deposition testimony, a Party may, either on the record at the conclusion of the deposition or by written notice to counsel no later than thirty-five (35) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER.  All testimony, regardless of whether designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER until thirty-five (35) days after receipt of the transcript of said deposition by all Parties.  Certain depositions may, in their entirety, be designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony.  **Furthermore, any document designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

4.    The inadvertent or unintentional disclosure by either Party of information considered to be CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of either Party's claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto.  Any such inadvertently or

4

unintentionally disclosed information shall be designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order.  Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days.  If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents.  In addition, the production or disclosure by either Party of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery in this or any subsequent state or federal proceeding pursuant to Federal Rules of Evidence 501-502 regardless of the circumstances of disclosure. If any Party becomes aware of the production or disclosure of such protected information by either Party, that Party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5. When information which is CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any deposition,

5

hearing, trial or other proceeding, counsel for the offering Party shall notify opposing counsel so opposing counsel may make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation or reference.

6. Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for the Parties upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 8(h) and/or 10 of this Protective Order.

7. Except as agreed by the Parties or as otherwise provided herein, including in Paragraphs 8(h) and/or 10 of this Protective Order, information

6

designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall

(a)    only be used in the preparation for trial and/or any appeal of this Action and

(b)    be maintained in confidence by the Party(ies) to whom it is produced and not disclosed by such Party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below.  Except as provided in Paragraphs 8(h), (g), (k), and/or 10 of this Protective Order, information which is CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit.

8.    Information designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER shall be disclosed only to the following persons:

(a)    attorneys actively working on or supervising the work on this case;

(b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the Parties, including designated representatives and counsel for the entity defendant;

7

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as Attachment A;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Attachment A;

(h)     Law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law.

(i)     anyone as otherwise required by law;

(j)     as authorized by the Parties specifically; and

(k)     other persons by written agreement of the Parties when the person has signed a written acknowledgement attached as Attachment A.

(l)     for the avoidance of doubt, information designated as CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER may not be disclosed to attorneys representing the defendants in connection with the homeowners' lawsuits against Bozeman Real Estate Group, Andrew

8

Hurlburt, and Tracy Knoedler, nor can such information be disclosed to the defendants in themselves in those lawsuits.

9.    Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

10.    If any Party disagrees with the designation of any material or testimony as being subject to this Protective Order, that party will so notify the other party in writing.  The Parties must meet-and-confer to resolve any dispute.  If the Parties are unable to resolve their dispute, either party may, within ten (10) days of such notice, apply to the Court to determine whether the disputed materials are entitled to protection in accordance with the Federal Rules of Civil Procedure and Federal Rules of Evidence.  If neither Party moves within the time allowed or such a motion, then the disputed materials shall lose their status as protected materials.  Until the Court rules on the application, the Parties shall consider any disputed materials subject to this Protective Order.

Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party

9

that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information, which is designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the Parties.

11.    Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court.  However, prior to utilizing or filing a document which is designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER, the Parties must provide notice to each of other of their intentions.  Either party may then request that the document be filed with restricted access or under seal.  Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera.  The Court shall retain jurisdiction to modify the terms of this Protective Order.

12.    The obligations of this Protective Order shall survive the termination of this action and continue to bind the Parties and their counsel.  The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

10

13.     Within ninety (90) days after the termination of this action (whether by judgment, settlement, or otherwise), each party or other person subject to the terms of this Protective Order is under an obligation to, at the producing party's discretion, either destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done.  For the avoidance of doubt, each party's obligation includes the destruction of all Confidential Information stored or residing in any and all Generative AI tools employed by that party in support of this action.

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim any substantial portion of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information shall continue to be protected under this Protective Order.

14.     Disclosure of information, which is designated CONFIDENTIAL or SUBJECT TO PROTECTIVE ORDER other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and

11

remedies as the Court may deem appropriate, including without limitation, contempt, injunctive relief, and damages.

RESPECTFULLY SUBMITTED:

**GARLINGTON, LOHN & ROBINSON, PLLP**

By: _____     _____

      Leah T. Handelman                Date Signed
      P.O. Box 7909
      Missoula, MT 59807-7909
      Attorneys for Defendants

**MEYER CONSTRUCTION LAW, LLC**

By: _____     _____

      Jean Y. Meyer                   Date Signed
      529 E Main Street, Unit 112
      Bozeman, MT 59715
      Attorneys for Plaintiffs

**OTTESON SHAPIRO LLP**

By: _____     _____

      Peter J. Morgan                 Date Signed
      7979 E. Tufts Avenue, Suite 1600
      Denver, CO 80237
      Attorneys for Plaintiffs

This Stipulated Protective Order Regarding Confidentiality is hereby APPROVED and ENTERED by this Court.  Each Party to this Protective Order is directed to comply with the requirements of this Protective Order.

ORDERED this 2nd day of October, 2025.

Brian Morris, Chief District Judge
United States District Courts

13